# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

YIOMAIRA MALDONADO
RODRIGUEZ, ET AL.,

    Plaintiffs,

             v.

GRUPO HIMA-SAN PABLO, ET AL.,

    Defendants.

Civil No. 15-1278 (SEC)

## MEMORANDUM AND ORDER

Yiomaira Maldonado (Maldonado) and her family (collectively, Plaintiffs) brought this medical malpractice action against Grupo Hima-San Pablo, Inc. (the Hospital), Centro Médico del Turabo, several physicians, and their respective insurance companies. Plaintiffs later joined Puerto Rico Medical Defense Insurance Company (PRMDIC) as insurer of non-party Dr. José L. Valderrábano. Plaintiffs allege that Dr. Valderrábano's negligence in interpreting and reporting a CT Scan contributed to Maldonado's injury. Pending before the Court is PRMDIC's Motion for Summary Judgment. The motion is denied.

Maldonado suffered from a persistent migraine and blurred vision. On April 7, 2013, following the instructions of her primary physician, Dr. Ignacio Pita, Maldonado reported to the emergency room at hospital Hima-San Pablo, in Caguas. At the ER, Maldonado was given pain medication and then discharged with instructions to visit her primary physician within the next 48 hours. Because her migraine did not improve, on April 10, 2013, Maldonado returned to the Hospital's ER. This time, a brain CT Scan without contrast was performed. Dr. Valderrábano interpreted the CT Scan and reported the results as normal. Plaintiffs allege that Dr. Valderrábanos' reading was erroneous because the images showed signs of a stroke, among other things.

Maldonado was discharged once again but returned to the ER the next day with worsened symptoms. Ultimately, she was diagnosed with brain stem stroke, which left her completely paralyzed.

On April 1, 2014, Plaintiffs' counsel sent a letter containing an extrajudicial claim to several medical entities, physicians, and insurance companies with the purpose of tolling the one-year statute of limitations applicable to medical malpractice actions under Puerto Rico law. The letter, however, was not sent to Dr. Valderrábano or to his insurer PRMDIC.

Plaintiffs filed their original complaint on March 23, 2015 naming, among others, Dr. Valderrábano as a defendant. Plaintiffs never served summons on Dr. Valderrábano. In their first amended complaint, Docket # 6, Plaintiffs named Dr. Valderrábano as a non-party, but included a direct action against Sindicato de Aseguradores para la Suscripción Conjunta de Seguro de Responsabilidad Profesional Médico-Hospitalaria (SIMED) as Dr. Valderrábano's insurer. This claim was later dismissed without prejudice after SIMED averred that it had not issued any insurance policy covering Dr. Valderrábano. Plaintiffs then filed a second amended complaint where they joined for the first time PRMDIC as the insurer of non-party Dr. Valderrábano.

PRMDIC now moves for summary judgment arguing that Plaintiffs' claims are time-barred. The argument is grounded on the Puerto Rico Supreme Court decision in Fraguada Bonilla v. Hosp. Aux. Mutuo, 186 D.P.R. 365 (2012), which adopted the doctrine of imperfect solidarity or *in solidum* liability for tort actions under Article 1802 of the Puerto Rico Civil Code. In Fraguada, the Supreme Court explicitly overruled its previous decision in Arroyo v. Hospital La Concepción, 130 D.P.R. 596 (1992), and held that the interruption of the statute of limitations against a tortfeasor does not toll the statute of limitations against other potential tortfeasors in cases of "imperfect solidarity" such as tort actions. Thus, PRMDIC contends that because

Plaintiffs did not send the extrajudicial claim contained in their April 1, 2014 letter to Dr. Valderrábano or to PRMDIC, Plaintiffs' claim is time-barred.

Plaintiffs counter with two District Court decisions: Ramírez-Ortiz v. Corporación Del Centro Cardiovascular De Puerto Rico y Del Caribe, 994 F. Supp. 2d 218, 224 (D.P.R. 2014) (holding that a timely claim against a physician tolled the statute of limitations against the hospital that provided the plaintiff with that physician) and Kenyon v. González-Del Río, 115 F. Supp. 3d 268, 270 (D.P.R. 2015) (holding that the timely claim against the hospital tolled the statute of limitations against the physician). These cases stand for the proposition that "a perfect solidarity obligation arises in medical malpractice cases where a hospital and physician are jointly liable for a physician's negligent care pursuant to article 1803's vicarious liability doctrine," Ramirez-Ortiz, 994 F. Supp. at 224 (D.P.R. 2014), "when the physician is an employee of the hospital," Kenyon v. Gonzalez-Del Rio, 115 F. Supp. 3d 268, 270 (D.P.R. 2015), or "when a patient seeks treatment directly from a hospital and the hospital provides the physician who provides the treatment." Id. (internal citations omitted).

Here, Plaintiffs argue (without opposition) that the Hospital is vicariously liable for any negligence attributable to Dr. Valderrábano because it was the hospital that provided said physician to Maldonado.[1] They contend that this vicarious liability creates "perfect solidarity" between the Hospital and Dr. Valderrábano such that the claim against the Hospital tolled the claim against Dr. Valderrábano.[2] Indeed, this is exactly the holding in Kenyon, which presents similar facts to this case.

---

[1] It is unclear whether a hospital is vicariously or directly liable to a plaintiff in cases where the patient seeks medical attention directly from the hospital and the hospital provides the treating physician. Compare Sagardía De Jesus v. Hosp. Aux. Mutuo, 177 D.P.R. 484 (2009), P.R. Offic. Trans. (stating that in these cases "the hospital's liability is not vicarious, but direct, primary, and separate with respect to the patient") with Fonseca v. Hosp. HIMA, 184 D.P.R. 281, 288 (2012) (stating that in these cases the hospital is vicariously and solidarily liable with the physician.).

[2] In their second amended complaint, Plaintiffs also joined V & M Radiology Services, P.S.C. (V & M), as Dr. Valderrábano's employer. See Docket # 45, ¶ 78. V & M initially joined PRMDIC's motion for summary judgment, see Docket ## 67 & 71, and replied to Plaintiffs' opposition thereto. Docket # 91. In its reply, V & M argued that there was no "perfect solidarity" between V & M and the Hospital because Maldonado did not go directly to the Hospital but went only after her primary physician instructed her to do so. Id., p. 12. Although this

Despite the factual similarities, Defendant brushes away Ramírez-Ortiz and Kenyon without even mentioning the vicarious liability doctrine in its brief. The Court is hard-pressed to create a split in this district concerning this issue where, other than pointing out that these decisions are non-binding and saying that their interpretation of the Fraguada decision is simply wrong and misguided, see Docket # 90, p. 4, PRMDIC fails to make a substantive argument or even a public policy argument explaining why this Court should decline to follow the reasoning on these cases. Thus, the Court need not decide whether the rule established in Kenyon is correct. Simply put, Defendant has not shown that it is entitled to judgment as a matter of law.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 30th day of September, 2016.

>    *s/ Salvador E. Casellas*
>    SALVADOR E. CASELLAS
>    U.S. Senior District Judge

---

argument has superficial appeal, it fails to persuade because regardless of the reason why Maldonado went to the Hospital in the first place, it remains uncontested that she did not choose Dr. Valderrábano to read the CT Scan. Rather, Dr. Valderrábano worked there, through V & M, as a franchisee or independent contractor of the Hospital. See Sagardía De Jesus, 177 D.P.R. at 516, P.R. Offic. Trans ("if the patient went to the hospital--either on his or her own or by order of his or her private physician--and he or she suffers a compensable damage caused by an independent contractor physician, both the physician and the hospital will be solidarily liable."). In any event, Plaintiffs later dismissed their claim against V & M without prejudice, see Docket # 128, and PRMDIC never raised this argument.